# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

## APRIL TERM, 1835.

Benjamin M. Price v. Samuel Clevenger et al.

Where two defendants are implicated in the same charge, the court always requires the answer of both before dissolving the injunction, without some special reason to the contrary.

* But the neglect or refusal to answer of any defendant not interested in the gravamen of the charge, will not affect the rights of parties really interested.

This was a bill by an execution creditor, to obtain relief against a prior execution as collusive and fraudulent, and to restrain the sheriff from making sale by virtue of such prior execution. The debtor, the prior execution creditor, and the sheriff, were made defendants. An injunction issued, pursuant to the prayer of the bill. Clevenger, the debtor, filed no answer, and a decree pro confesso was taken against him. Wilkinson, the prior execution creditor, having answered the bill, moved to dissolve the injunction upon the answer. The cause was heard upon the motion to dissolve the injunction.

*J. W. Scott*, in support of the motion.

*F. B. Chetwood*, contra.

* Accord. *Vliet* v. *Lowmason*, ante, vol. 1, page 404, and note.

[Price v. Clevenger et al.]

Cases cited by complainant's counsel, against the motion: 2 *John. Chan. R.* 148; 1 *Vesey and B.* 497; 2 *Dickens*, 691; 19 *Vesey*, 84; *Wyatt*, 234–6–7.

THE CHANCELLOR. Price, an execution creditor, filed his bill against Wilkinson, a prior execution creditor, and Clevenger, the defendant against whom both executions were issued, charging the judgment confessed by Clevenger to Wilkinson to be fraudulent and collusive, and without any consideration, and that Wilkinson had confessed the fact; and praying an injunction to prevent the sale of the property levied on by the sheriff. The injunction was allowed; and Wilkinson, having put in his answer, denying, as he alleges, the whole equity of the bill, seeks to have the injunction dissolved. Clevenger has not answered, and a decree pro confesso has been taken against him.

It is objected, that the injunction cannot be dissolved, even if the answer is full on the part of Wilkinson, without an answer being put in on the part of Clevenger.

This is the general principle, where there are several defendants, and the injunction issues against them all, or against more than one. All must answer, each one for himself and not one for the other. The complainant has a right to test the conscience of every one who is so situated in regard to the transaction as to be a proper party to the suit: *Wyatt P. R.* 234, 236; *Eden on Inj.* 166.

There are exceptions to this rule, as to most others. It sometimes happens that persons are made parties who are not interested in the gravamen of the charge, and whose answers could have no effect upon it one way or the other. Their neglect or refusal to answer shall not affect the rights of the parties really interested. In the present case, the complainant has seen proper to make the sheriff of the county a defendant. He has not answered, and his failure or neglect to do so forms no objection to this motion, for his answer could be of no importance. He is not charged as participating in the fraud. But where two defendants are implicated in the same charge, the court always

[Price v. Clevenger et al.]

requires the answer of both, without some special reason to the contrary: *De Peyster* v. *Graves et al.*, 2 *John. Rep.* 148.

This case appears to me to be clearly within the principle. The charge is, that Clevenger confessed the judgment and that Wilkinson received the judgment, both knowing there was no consideration; that it was a fraudulent contrivance to protect the property from honest creditors. Wilkinson denies the charge, and sets out the origin and nature of the debt which forms the consideration of the judgment; but Clevenger, though in court, makes no answer, and is willing that a decree pro confesso be entered against him.

The defendant, Wilkinson, appears to think it hard that he should suffer because Clevenger refuses to answer. There may be cases in which an adherence to the rule will work a hardship, but this is not one of them. These men are brothers-in-law. If this is an honest transaction, it seems singular that Wilkinson, who does not appear to have had any difficulty in procuring the judgment, should be unable to procure his co-defendant to put in an answer denying the charges of combination and fraud. No reason is given why this has not been done.

I think the principle is one of great safety and value, and shall order the injunction to stand until the hearing, unless it shall be considered advisable to sell the property, or that part of it which is perishable, and bring the proceeds into court, subject to its further order.

 Motion denied.